IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM JAMES ROLLINS,<br><br>Defendant. | Case No. CR09-3019<br><br>ORDER FOR PRETRIAL DETENTION |

On the 19th day of May, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Stephanie M. Rose. The Defendant appeared personally and was represented by his attorney, Brian D. Johnson.

## RELEVANT FACTS

On April 23, 2009, Defendant Adam James Rollins was charged by Indictment (docket number 1) with conspiracy to manufacture methamphetamine after having previously been convicted of a felony drug offense. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 13, 2009.

Officer Toby Schissel of the Mason City Police Department, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying the instant charge. According to Officer Schissel, Defendant was investigated regarding a conspiracy to manufacture methamphetamine. Specifically, Defendant is suspected of purchasing pseudoephedrine for use in manufacturing methamphetamine. A spreadsheet showing Defendant's purchases of pseudoephedrine was introduced at the hearing as Government's Exhibit 1. On several occasions, Defendant

1

purchased pseudoephedrine from multiple stores on the same day. For example, on June 6, 2008, Defendant purchased pseudoephedrine from four separate stores.

According to the pretrial services report, Defendant is 33 years old, has never been married, and has no children. Defendant lives "off and on" with his mother. Defendant is employed part time by his mother's boyfriend, collecting scrap metal.

Defendant does not have any significant physical health problems, but apparently has been treated for an undiagnosed mental health condition. Defendant told the pretrial services officer that he "currently takes no medication and feels that he is in a good mind frame."

Defendant admitted that he has smoked marijuana since age 14 and has used methamphetamine since age 18. Defendant told the pretrial services officer that he uses marijuana and methamphetamine daily, and last used on May 13, the day prior to his arrest.

In 2000 and 2001, Defendant was convicted five times in four different counties for theft in the fifth degree, a simple misdemeanor. In three of those cases, Defendant failed to appear and a warrant was issued for his arrest. In 2003, Defendant was convicted of eluding and possession of a controlled substance in a fifth county. Defendant initially received a 30-day suspended jail sentence, but was later found in violation of his probation and sentenced to 30 days in jail. Still later, Defendant failed to appear at a hearing and was found in contempt of court.

In 2004, Defendant was convicted of possession of a controlled substance in Mitchell County and sentenced to serve 60 days in jail. Defendant was subsequently convicted in Worth County of possession of a controlled substance, third or subsequent offense, and received a five-year suspended prison term. Defendant violated his probation by continuing to use marijuana and failing to report to his probation officer, however, and was ordered to serve 180 days at a community-based corrections facility. Defendant walked away from the facility, however, and was subsequently convicted of voluntary absence/escape. As a consequence, his probation was also revoked and the five-year

prison term was imposed on July 31, 2006. Defendant was discharged from prison on March 27, 2008. (Within weeks, Defendant started making suspicious purchases of pseudoephedrine.)

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to manufacture methamphetamine, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety

of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine after having previously been convicted of a felony drug offense. Government's Exhibit 1 suggests that Defendant made suspicious purchases of pseudoephedrine between April 12, 2008 and November 12, 2008. No evidence was offered at the instant hearing, however, tying Defendant with the manufacture of methamphetamine. Accordingly, it is difficult for the Court to determine the "weight of the evidence." Defendant has long-term ties to the northeast Iowa area, although he does

4

not have a stable residence, nor does he have regular employment. Defendant has a long history of drug abuse, and admitted using marijuana and methamphetamine daily prior to his arrest. Defendant has a prior felony drug conviction and failed on probation on at least three occasions.[1] Defendant was not on parole or probation at the time of the alleged instant offense, but he had been discharged from prison just two weeks prior to his first purchase of pseudoephedrine. The Court has no confidence that the Defendant is likely to comply with any terms or conditions of release which the Court may impose.

If the Court finds there is probable cause to believe that the person committed an offense then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community

---

[1] On February 25, 2004, Defendant was found in violation of his probation following a conviction of possession of a controlled substance in Cerro Gordo County. On February 26, 2006, Defendant was found in violation of his probation and ordered to reside at a residential facility. On July 31, 2006, Defendant was found in violation of probation and sent to prison.

if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 14, 2009) to the filing of this Ruling (May 19, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 19th day of May, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA